COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Paul T. Zurita v. The State of Texas

Appellate case number:    01-17-00274-CR; 01-17-00275-CR

Trial court case number:  CR-14-0693; CR-16-0646

Trial court:               22nd District Court of Hays County

The clerk's record was filed on May 3, 2017, but the reporter's record has not been filed. On June 7, 2017, the Clerk of this Court notified appellant's counsel, Larry Warner, that the court reporter responsible for preparing the record in this appeal informed the Court that arrangements had not been made to pay for the record and this Court's records indicated that appellant is not appealing as indigent. *See* TEX. R. APP. P. 35.3(b). The Clerk further notified appellant's counsel that unless he caused the reporter's record to be filed in this Court, made arrangements to pay for the reporter's record, or provided proof that he is entitled to proceed without payment of costs by July 7, 2017, the Court might consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c). Appellant's counsel failed to respond and has not provided the Court with evidence showing that appellant has paid or made arrangements to pay the court reporter or caused a reporter's record to be filed in the Court.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Hays County District Attorney's Office and appellant's appellate counsel, Larry Warner, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or by closed-circuit video teleconferencing.

We direct the trial court to:

1)  Determine whether appellant still wishes to pursue this appeal;

2)  Determine whether appellant's counsel, Larry Warner, intends to represent appellant on appeal; and, if not, whether to allow counsel to withdraw;

3)  Determine whether appellant is now indigent, and

      a.  if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant if appellant's counsel is allowed to withdraw and (ii) order the court reporter to file the reporter's record in this case within **30 days** of the

date of the hearing, at no cost to appellant;

    b. if appellant is not indigent and appellant's counsel is allowed to withdraw, admonish appellant regarding the dangers and disadvantages of self-representation, and:

      1. determine whether appellant is knowingly and intelligently waiving his right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **30 days** from the date of the hearing by which appellant must hire substitute counsel; and

      2. provide a deadline of no more than **30 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the reporter's record and further notify appellant that failure to provide such evidence may result in consideration of his appeal without a reporter's record.

    4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

    5) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04, TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **30** days from the date of this order. The trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court within **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Jane Bland
            Acting individually


Date: August 8, 2017